UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLUMBIA RIVER RENTALS, LLC,
an Oregon corporation,

        Plaintiff,                        Civil No. 08-395-HU

        v.                             ORDER

RONALD GARY PHILLIPS, SAFECO
INSURANCE COMPANY OF AMERICA,
FIRST NATIONAL INSURANCE COMPANY
OF AMERICA, PENNY CREEK QUARRY,
LLC,

        Defendants.

HAGGERTY, District Judge:

        Magistrate Judge Hubel issued a Findings and Recommendation [33] in this action that

recommended that plaintiff's Motion for Partial Summary Judgment [22] should be denied, and

that defendant First National/Safeco's Motion for Summary Judgment [18] should be granted in

part as to the duty to defend.  Plaintiff filed Objections [37] to the Findings and

Recommendation, contending that the court should find that plaintiff is an insured under the

policy and is entitled to a defense from defendant First National.

1  -- ORDER

When a party objects to any portion of a Magistrate's Findings and Recommendation, the

district court must make a *de novo* determination of that portion of the Magistrate Judge's report.

28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1309, 1313 (9th Cir. 1981).  The Objections were filed in a timely manner.  The court has given

the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings

and Recommendations, the objections, and the entire record.  Plaintiff's Objections are overruled

and the Findings and Recommendation is adopted.

**ANALYSIS**

Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances in

this action.  Moreover, the parties have stipulated to the relevant factual background in this

matter.  These facts need not be repeated here.

Plaintiff advances largely the same arguments presented to, and carefully considered by,

the Magistrate Judge.  It is appropriate to emphasize that the Findings and Recommendation's

scope was expressly limited to analyzing whether defendant First National is obligated to defend

plaintiff against (1) the claims asserted by a third-party lessee (Phillips) and (2) the claims

asserted by employees of that third-party lessee.  The Findings and Recommendation does not

address the possible liability the lessee Phillips may owe to plaintiff and other issues related to

the lessee's possible contractual breaches.

After reviewing plaintiff's objections, and the entire record, this court concludes that the

Findings and Recommendation properly construed "held liable," the phrase at issue in plaintiff's

primary objection.  Notwithstanding plaintiff's references to Washington court decisions that

engage in phrasings that deploy the word "liable" when addressing the law of contributory fault,

the Findings and Recommendation correctly reasoned that the lessee Phillips cannot be "held

liable" for his own –  or, in this case, his employees' – injuries.  Accordingly, plaintiff cannot be

construed as an additional insured under these facts and the plain meanings of the applicable

insurance provisions.

Similarly, plaintiff's objections that this reasonable construction should be viewed as an

exclusion is without merit.  As the Magistrate Judge recognized, the challenged provision is not

found in a subsection titled "Exclusions," but instead is within the section defining the coverage

provided for an additional insured:

> the policy still uses positive language when it states that a person or organization
> is an insured to the extent the named insured is liable.  While this may have the
> effect of denying coverage for a person or organization otherwise meeting the
> initial definition but whose liability cannot be derived from the liability of the
> named insured, the policy does not use negative exclusionary language to
> accomplish its intent.  Rather, the provision simply grants coverage to a subset of
> those who might initially meet the definition for additional insureds.

Findings and Recommendation at 13-14.

Plaintiff's disagreement with this logical reasoning is overruled.

Other objections, including plaintiff's allegations that the Magistrate Judge engaged in

unpersuasive "policy-based arguments," and that Phillips' potential liability in contract should

have triggered defendant's duty to defend plaintiff, and that defendant's policy should have been

found to be ambiguous, have been considered and are rejected.  The reasoning presented in the

Findings and Recommendation regarding these issues is sound.

Finally, plaintiff's argument that the court should conclude that Phillips waived his

immunity under the Washington Industrial Insurance Act has been considered and is rejected.

3  -- ORDER

Under the undisputed facts presented, there is no waiver, explicitly or implicitly, of this

immunity.

**CONCLUSION**

The Findings and Recommendation [33] in this action is ADOPTED.  Plaintiff's Motion

for Partial Summary Judgment [22] is denied, and defendant First National/Safeco's Motion for

Summary Judgment [18] is granted in part as to the duty to defend.  Plaintiff's Objections [37] to

the Findings and Recommendation are overruled.

IT IS SO ORDERED.

Dated this  6  day of March, 2009.


        /s/ Ancer L. Haggerty
            Ancer L. Haggerty
        United States District Judge

4 -- ORDER